"Facts must be alleged by direct, certain and positive averments, and not by way of argument in inference. Moore v. State, 7 Tex.App. 608; McQuerry v. State, 40 Tex.Cr.R. 571, 51 S.W. 247; West v. State, 40 Tex.Cr.R. 575 [51 S.W. 247; Id., Tex.Crim.App.], 49 S.W. 95; Bradford v. State, 40 Tex.Cr.R. 632, 51 S.W. 379."

In support of his motion for rehearing appellant cites Eylar v. State, 37 Tex.Cr.R. 257, 39 S.W. 665; Mohan v. State, 42 Tex. Cr.R. 410, 60 S.W. 552; Freeman v. State, 88 Tex.Cr.R. 53, 224 S.W. 1087; Senterfit v. State, 41 Tex. 186. While none of the cases last above cited are prosecutions for the same offense attempted to be charged against appellant it is difficult to escape their applicability to the question of the sufficiency of the present information.

There being no direct or positive averment that the driving was done in Dallas County, or that the place named—the viaduct—was in Dallas County, it is only by inference.

The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is reversed and the prosecution ordered dismissed under the present State pleadings.

BEAUCHAMP, Judge (dissenting on rehearing).

I have again considered with much care the information and find myself wholly unable to agree with the majority opinion on the motion for rehearing.

There is no disagreement as to the law involved. It is usually considered useless to dissent on a construction of the language or on facts, but the language is so plain and clear to my mind that I am unable to assent to the construction given it by the majority. My original opinion expresses my view. I respectfully dissent.

## BOGAN v. STATE.

### No. 23220.

Court of Criminal Appeals of Texas.

Nov. 21, 1945.

Robert C. Benavides and T. K. Irwin, both of Dallas, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of felony theft, and his punishment assessed at three years confinement in the penitentiary.

The record is before this court without a statement of facts or bills of exceptions. All matters of procedure appear to be in regular form. Nothing is presented for review.

The judgment is affirmed.